UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Yucob Rylander, § | | |
|     *Plaintiff*, § | | |
| § | | |
| v. § | Civil Action H-25-2081 | |
| § | | |
| Mary Elizondo Frazier and § | | |
| Bradley Arant Boult Cummings § | | |
| LLP, § | | |
|     *Defendants*. § | | |

## MEMORANDUM AND RECOMMENDATION

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 6. Pending before the court are: Defendants' Motion to Dismiss, ECF No. 7; Plaintiff's Motion to Strike and Request for Sanctions, ECF No. 16; and Plaintiff's Request for Sanctions and Criminal Investigation, ECF No. 18. The court recommends that Defendants' Motion to Dismiss, ECF No. 7, be **GRANTED** with prejudice as to Plaintiff's federal claims and without prejudice as to Plaintiff's criminal and state law claims. Plaintiff's remaining motions, ECF Nos. 16 and 18, are **DENIED**. Plaintiff's request for e-filing access is **DENIED**.

### *1. Background*

Plaintiff Yucob Rylander, proceeding pro se, alleges multiple claims related to an underlying settlement agreement and subsequent state court lawsuit. ECF No. 1 at 4–5. Rylander alleges that he participated in litigation related to the 2019 ITC fire, which ultimately settled. *Id.* Rylander accepted a "Tier 5" settlement of approximately $5,900. *Id.* at 5. Rylander now alleges that he qualified for a "Tier 1" settlement award that would have been worth more than $1,100,000. *Id.* He alleges that he was fraudulently induced to accept a lower settlement. *Id.* Upon

discovering the fraudulent inducement, Rylander filed suit in state court in Harris County against Archer Systems, LLC and Brent Coon & Associates—apparently the entities that administered the settlement funds. *Id.* The instant lawsuit relates to Rylander's complaints about the lawyers and judges involved in that state court action.

Liberally construing Rylander's allegations in his favor, as the court must, given his pro se status, Rylander now alleges that the attorney and law firm for defendant in the state court suit—Mary Frazier and Bradley Arant Boult Cummings LLP[1] (the law firm)—committed various torts and violated Rylander's constitutional rights in the course of the state court action. Rylander's claims are for: fraud, abuse of process, violation of his First and Fourteenth Amendment rights via 42 U.S.C. § 1983, violation of 42 U.S.C. § 1985(3), violations of the federal Racketeer Influenced and Corrupt Organizations Act (RICO), and federal and state criminal violations.

According to Rylander, Frazier "had a longstanding undisclosed relationship" with the presiding judge in state court, Judge Davis. ECF No. 1 at 5. Rylander alleges that Frazier regularly appeared before Judge Davis in court and at one time made a $1,000 campaign contribution to Judge Davis. *Id.* Rylander filed a motion asking Judge Davis to recuse herself, and Rylander alleges that Judge Davis acted unlawfully in denying the motion and by fraudulently referring the motion to Judge Brown, the regional judge who presides over recusal motions. *Id.* Judge Brown and Judge Davis allegedly colluded to deny Rylander's recusal motion without a hearing. *Id.* Based on a filing in the state court

---

[1] Rylander states in his responsive briefing that "Bradley Arant Boult Cummings LLP is not a defendant but an interested party[.]" ECF No. 8 at 14. Because the law firm is listed as a defendant in Rylander's Complaint and because Rylander repeatedly refers to "Defendants" in his Complaint, the court construes Rylander's pleadings to include claims against the firm.

2

action, it appears to the court that Judge Davis ultimately recused herself on May 19, 2025.[2] ECF No. 7-7.

Rylander also alleges that Frazier "submitted a fraudulent Affidavit of Attorney's Fees" and that Frazier "engaged in ex parte communications with Judge Brown's assistant" via email. ECF No. 1 at 6. Frazier allegedly conspired with the state court judges "to rig judicial proceedings, falsify judicial orders, and destroy [Rylander's] constitutional right to a neutral and impartial tribunal." ECF No. 1 at 8. Rylander further alleges that the conspiracy was "motivated by an invidious animus and a desire to deprive [Rylander] . . . of access to the courts." *Id.* at 9.

In his briefing, Rylander states many times that Frazier and Judge Brown unlawfully conducted "email court," which Rylander describes as "an extrajudicial process that involved private email communications regarding a sanctions motion." ECF No. 8 at 11–12. Rylander also repeatedly raises complaints against the state court judges in his briefing, even though the judges are not defendants in this suit and despite apparently having filed a separate lawsuit against Judge Brown. *Rylander v. Brown,* 4:25-cv-02079, ECF No. 1 (S.D. Tex. May 5, 2025).

Frazier and the law firm (together, Defendants) filed a joint Motion to Dismiss all of Rylander's claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 7.

### 2. *Legal Standards*

A court may dismiss an action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). To determine a motion under Rule 12(b)(1), the court may rely on the complaint alone, the complaint and undisputed facts evidenced in the record, or the complaint, undisputed facts, and the court's

---

[2] "[T]he district court may properly take judicial notice of public state court records." *Stiel v. Heritage Numismatic Auctions, Inc.*, 816 F. App'x 888, 892 (5th Cir. 2020).

3

resolution of disputed facts. *St. Tammany Parish, ex rel. Davis v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 315 (5th Cir. 2009). The plaintiff bears the burden of proving the court's jurisdiction by a preponderance of the evidence. *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009).

Rule 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Courts accept "all well-pleaded facts as true" and "view[] them in the light most favorable to the plaintiff." *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 177 (5th Cir. 2018) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). To survive a motion to dismiss, the plaintiff must have pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Calogero v. Shows, Cali & Walsh, L.L.P.*, 970 F.3d 576, 580 (5th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable[.]" *Twombly*, 550 U.S. at 556. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." *Allen*, 907 F.3d at 177 (quoting *Twombly*, 550 U.S. at 555).

The court liberally construes pro se pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff a chance to amend the complaint under Rule 15(a) before dismissing

the action with prejudice, unless doing so would be futile. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) ("[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.").

### *3. Analysis*

Rylander filed a motion asking that the court strike Defendants' reply brief in support of their Motion to Dismiss. ECF No. 16. The Local Rules for the Southern District of Texas allow a party who has filed an opposed motion to file a reply brief. L.R. 7.4. In any event, the court's analysis is not affected by consideration of Defendants' reply brief. Rylander's motion to strike is **DENIED**.

Defendants argue generally that Rylander does not have standing to bring his claims because he has not suffered an injury in fact and because his claims are not redressable. ECF No. 7 at 4–8. Rylander alleges violations of his constitutional rights, and he seeks monetary damages in compensation. At this early stage in the proceedings and as to his civil causes of action, the court does not find that Rylander wholly lacks standing for all of his claims. Thus, the court turns to the parties' remaining arguments.

### *A. Criminal Claims*

Rylander alleges that Defendants violated a number of federal and state criminal statutes. However, private citizens do not have standing to institute a federal criminal prosecution nor power to enforce a criminal statute. *Gill v. Texas*, 153 F. App'x 261, 262 (5th Cir. 2005). To the extent that Rylander attempts to bring claims related to 18 U.S.C. § 242 and other federal criminal statutes, he does not have standing to bring those claims because he is a private citizen. The court should dismiss Rylander's criminal claims without prejudice for lack of subject matter jurisdiction. *Cf. Scott v. Jackson Cnty., Miss.*, No. 23-60405, 2024

WL 1465387, at *2 (5th Cir. Apr. 4, 2024) ("private citizens like [Plaintiff] do not have a constitutional right to have an individual criminally prosecuted.").

### B. 42 U.S.C. § 1983

To state a claim under § 1983, Rylander must allege a violation of a right committed by a person acting under color of state law. *Rosborough v. Mgmt. & Training Corp.*, 350 F.3d 459, 460 (5th Cir. 2003). Private attorneys generally do not act under color of state law simply by advocating for their client and being on the winning side of a lawsuit. *Glotfelty v. Karas*, 512 F. App'x 409, 414 (5th Cir. 2013). A private citizen may be liable under § 1983 where the plaintiff alleges that the citizen conspired with state actors. *Id.* To successfully allege such a claim, the plaintiff must allege (1) an agreement between the private and public defendants to commit an illegal act and (2) a deprivation of constitutional rights. *Id.*

According to the Complaint, Frazier submitted a false affidavit for attorney's fees, emailed Judge Brown's assistant, and acted under color of law by "[c]olluding with public officials . . . to manipulate court outcomes." ECF No. 1 at 6–7. The actions that Frazier allegedly engaged in are all within the scope of Frazier's legal representation of her client and do not show that Frazier transformed herself into a state actor merely by representing her client. Rylander's allegations that Frazier conspired with state judges are conclusory and do not suffice to state a claim for relief under § 1983. Again, the alleged facts include only activities that attorneys regularly undertake to represent their clients. Rylander's § 1983 claim against Frazier should be dismissed with prejudice for failure to state a claim.

As to the law firm, a private entity acts under color of state law when the entity performs a traditional government function. *Rosborough v. Mgmt. & Training Corp.*, 350 F.3d at 460. Rylander

6

has not alleged that the law firm, a private entity, acted under color of state law. Thus, to the extent that Rylander alleged a § 1983 claim against the law firm, that claim should be dismissed with prejudice for failure to state a claim.

### C. 42 U.S.C. § 1985(3)

"[T]he only conspiracies actionable under section 1985(3) are those motivated by racial animus." *Cantu v. Moody*, 933 F.3d 414, 419 (5th Cir. 2019). Rylander alleges that the relevant conspiracy "was motivated by invidious animus and a desire to deprive Plaintiff . . . of access to the courts." ECF No. 1 at 9. Rylander did not allege that any conspiracy was motivated by racial animus. Rylander states in his responsive briefing that "Defendants correctly note the omission of racial animus... this action is likely to be withdrawn because reasonable belief cannot be applied."[3] ECF No. 8 at 17. Rylander's § 1985 claim should be dismissed with prejudice for failure to state a claim.

### D. RICO

"[A] civil RICO plaintiff must show (1) a violation of § 1962, (2) an injury to his or her business or property, and (3) that such injury was proximately caused by a RICO violation." *Lewis v. Danos*, 83 F.4th 948, 956 (5th Cir. 2023). A violation of § 1962 requires (1) a person who engages in (2) a pattern of racketeering activity (3) connected to the acquisition, establishment, conduct, or control of an enterprise. *Word of Faith World Outreach Ctr. Church, Inc. v. Sawyer*, 90 F.3d 118, 121–22 (5th Cir. 1996); 18 U.S.C. § 1962.

Rylander has not alleged a pattern of racketeering activity. Rylander's conclusory allegation that Frazier "engaged in multiple related acts with the common purpose of defrauding and silencing

---

[3] Rylander confusingly also states that he reserves the right to "move forward with the well documented race based, intentionally erroneous decision-making process of Harris county courts against Black men[.]" ECF No. 8 at 17.

7

Plaintiff through illegal judicial influence" is insufficient. ECF No. 1 at 14. Rylander merely alleges that Frazier operated as part of an enterprise with Judge Davis and Judge Brown, but he does not allege any facts tending to support his allegation. All the facts Rylander alleges include acts that an attorney regularly takes in representation of their client, such as filing motions and emailing administrative staff of the court. Rylander's civil RICO claim should be dismissed with prejudice for failure to state a claim.

### *E. State law claims*

Because the court recommends dismissal of all federal claims against all defendants, the only remaining claims arise under state law. *See* ECF No. 1. The court has "an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Soaring Wind Energy, L.L.C. v. Catic USA Inc.*, 946 F.3d 742, 749 (5th Cir. 2020) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)); *see also Arbaugh*, 546 U.S. at 514 (stating that the court's obligation persists "even in the absence of a challenge from any party"). Thus, the court must determine whether it has subject matter jurisdiction to consider the remaining claims.

"Diversity jurisdiction requires complete diversity—no plaintiff can be a citizen of the same state as any defendant." *The Lamar Co. v. Miss. Transp. Comm'n*, 976 F.3d 524, 530 (5th Cir. 2020). The party invoking federal jurisdiction has the burden to prove that the court has subject matter jurisdiction. *Sentry Ins. v. Morgan*, 101 F.4th 396, 398 (5th Cir. 2024). Rylander does not allege or argue that the court has diversity jurisdiction. *See* ECF No. 1 at 4 (alleging that the court has federal question and supplemental jurisdiction). There are not any facts before the court tending to show that the parties are completely diverse. Thus, the court cannot exercise diversity jurisdiction over the remaining claims.

Federal courts have federal question jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal courts may also have supplemental jurisdiction over state law claims "that are so related to claims in the action . . . that they form part of the same case or controversy." 28 U.S.C. § 1367. After dismissing federal claims, this court may choose not to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3). "District courts enjoy wide discretion in determining whether to retain supplemental jurisdiction over a state claim once all federal claims are dismissed." *Heggemeier v. Caldwell Cnty., Tex.*, 826 F.3d 861, 872 (5th Cir. 2016) (quoting *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993)). The "general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial, but this rule is neither mandatory nor absolute." *The Lamar Co. v. Miss. Transp. Comm'n*, 976 F.3d 524, 528 (5th Cir. 2020) (quoting *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009)). In deciding whether to exercise supplemental jurisdiction, the court considers the factors set forth in § 1367 and "the common law factors of judicial economy, convenience, fairness, and comity." *Brookshire Bros. Holding, Inc.*, 554 F.3d at 601–02.

The court should decline to exercise supplemental jurisdiction over Rylander's remaining state law claims because this case is in its very early stages, discovery has been stayed, ECF No. 26, and the factors of judicial economy, convenience, fairness, and comity weigh against exercising jurisdiction. Accordingly, Rylander's remaining claims should be dismissed without prejudice for lack of subject matter jurisdiction.

9

### *F. Amendment and Remaining Motions*

"Dismissing an action after giving the plaintiff only one opportunity to state his case is ordinarily unjustified." *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014) (quoting *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986)). If the plaintiff seeks leave to amend, he "must give the court at least some notice of what . . . [the] amendments would be and how those amendments would cure the initial complaint's defects." *Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (citation omitted). The court may deny leave "[i]f the plaintiff does not provide a copy of the amended complaint [or] explain how the defects could be cured[.]" *Id.* (citation omitted). The court may also deny leave to amend when amendment would be futile or when the plaintiff chooses to stand on her complaint and argues that it satisfies the pleading requirements. *See Khoury v. Thota*, No. 20-20578, 2021 WL 3919248, at *4 (5th Cir. 2021) (affirming the district court's denial of leave to amend when the plaintiff chose to stand on his complaint and argued that it satisfied the pleading requirements); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (discussing futility of amendment as justification for denying leave to amend).

Rylander has not requested leave to amend. He argues that his complaint should survive Defendants' Motion to Dismiss. *See* ECF No. 16. In any event, Rylander's responsive filings do not show that he would be able to overcome the pleading deficiencies Defendants have identified. The court is unaware of any facts that Rylander could state that would support any federal cause of action against Defendants. Granting leave to amend, therefore, would be futile and the court declines to do so.

Rylander's remaining requests and motions are frivolous and should be denied.[4] Rylander seeks sanctions against Defendants for incorrectly stating the facts of what happened in state court. ECF No. 16 at 16–17. Rylander also seeks sanctions against Stephen Fernelius, counsel for Frazier, for dating a certificate of service five days prior to the date of the document's filing. ECF No. 18 at 2–3. Rylander's motions, ECF Nos. 16 and 18, are **DENIED**.

Because the court recommends dismissal of Rylander's claims, Rylander's request for e-filing access, ECF No. 8, is **DENIED as MOOT**.

### *4. Conclusion*

The court recommends that Defendants' Motion to Dismiss, ECF No. 7, be **GRANTED** with prejudice as to Rylander's federal claims and without prejudice as to Rylander's criminal and state law claims. Rylander's Motions for Sanctions, ECF Nos. 16 and 18, are **DENIED**.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed on December 29, 2025.

_____
Peter Bray
United States Magistrate Judge

---

[4] Rylander filed a Declaration, ECF No. 35. The Declaration does not appear to request any relief from the court. Thus, the court does not construe it as a motion.