United States District Court
Southern District of Texas
**ENTERED**
January 23, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| YUCOB RYLANDER, | § | CIVIL ACTION NUMBER |
| Plaintiff, | § | 4:25-cv-02081 |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| MARY ELIZONDO FRAZIER | § | |
| and BRADLEY ARANT | § | |
| BOULT CUMMINGS LLP, | § | |
| Defendants. | § | |

**ORDER ADOPTING**
**MEMORANDUM AND RECOMMENDATION**

Plaintiff Yucob Rylander proceeds here *pro se*. He brings claims under 42 USC §1983, 42 USC §1985(3), the Federal Racketeer Influenced and Corrupt Organizations Act, as well as state law claims. Dkt 1 at 18–20. Defendants Mary Elizondo Frazier and Bradley Arant Boult Cummings LLP filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) and (6) and, in the alternative, for more definite statement under Rule 12(e). Dkt 7.

The matter was referred for disposition to Magistrate Judge Peter Bray. Dkt 6. He issued a Memorandum and Recommendation recommending that Defendants' motion to dismiss be granted. Dkt 39 at 11. He specifically recommended dismissal with prejudice as to Plaintiff's civil federal claims and dismissal without prejudice as to Plaintiff's criminal and state law claims. Ibid.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC § 636(b)(1)(C); see

also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

Plaintiff filed objections. Dkt 40. He claims, among other things, that the Magistrate Judge committed legal error by dismissing his claims under Rule 12(b)(6) after preliminarily finding he had standing because, he asserts, "Claims cannot lawfully fail where standing exists." Id at 10. He also generally claims that his complaint plausibly states claims for the relief sought and that the Magistrate Judge misapplied governing law. See id at 9–40. He also contends that the Magistrate Judge lacked authority to adjudicate this dispute without his consent. See id at 14.

Upon *de novo* review and determination, Plaintiff's objections lack merit. The preliminary determination that Plaintiff possessed standing for his civil claims is not a finding that Plaintiff's allegations stated plausible claims. And in that latter respect, conclusory allegations are not entitled to the presumption of truth. See *Ashcroft v Iqbal*, 556 US 662, 678 (2009). The Magistrate Judge correctly found that Plaintiff's allegations were either conclusory or failed to state plausible claims for his federal causes of action. See Dkt 39 at 6–8. He also correctly noted that subject-matter jurisdiction is lacking over the remaining claims and supplemental jurisdiction shouldn't be exercised over them. Dkt 39 at 8–9. Finally, Plaintiff is incorrect that his consent was required for the Magistrate Judge to issue the Memorandum and Recommendation. See 28 USC §636(b)(1).

The objections fail to otherwise demonstrate legal error on the part of the Magistrate Judge.

The objections by Plaintiff to the Memorandum and Recommendation of the Magistrate Judge are OVERRULED. Dkt 40.

No clear error otherwise appears upon review and consideration of the Memorandum and Recommendation, the record, and the applicable law.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 39.

The motion by Defendants Mary Elizondo Frazier and Bradley Arant Boult Cummings LLP to dismiss is GRANTED. Dkt 7.

The civil claims by Plaintiff Yucob Rylander under federal law are DISMISSED WITH PREJUDICE.

The claims by Plaintiff Yucob Rylander purported to be stated under criminal and state law are DISMISSED WITHOUT PREJUDICE. Id at 19–20.

This is a FINAL JUDGMENT.

SO ORDERED.

Signed on  January 22, 2026 , at Houston, Texas.

*CREskridge*
Honorable Charles Eskridge
United States District Judge

3